UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDDIE O. CASTELLO, III                              CIVIL ACTION

VERSUS                                                NO: 14-2025

STACY HEAD, ET AL.                                    SECTION: "A" (2)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 8)** filed by defendant Errol G. Williams ("Williams"). Plaintiff Freddie Castello opposes the motion (Rec. Doc. 10).[1] The motion is before the Court on the briefs without oral argument.

I.     BACKGROUND

Plaintiff filed the Complaint in this matter on September 5, 2014, naming Stacy Head, Eva Sohl, Pura Bascos, and Erroll Williams as defendants. Plaintiff styles this action in his Complaint as one brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, *et seq.* ("RICO"). Plaintiff also argues that property taxes on 2336 Robert St., New Orleans, LA, 70115, ("the Property") were unjustly raised in 2008.

Plaintiff claims that city councilwoman Stacy Head has bought ten properties over the past several years, including one property that she bought and resold which was recommended to be "demolished" by the Freret Neighborhood Center. Turning to the Property with which Plaintiff is concerned, he claims that in September Head stopped by 2336 Robert St. and informed him that the Property is on the "FEMA Demolition List."

---

[1] Plaintiff has also filed a Motion for Preliminary Injunction (Rec. Doc. 9). To be granted such relief, a movant must show: a substantial likelihood of success on the merits; a substantial threat of irreparable injury if the injunction is not issued; that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is not granted; and that the grant of an injunction will not disserve the public interest. *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006). For the reasons explained herein, Plaintiff has failed to establish the first element as he does not have standing to bring his claim in this Court.

Plaintiff also claims that a supervisor of "Code Enforcement," Pura Bascos, stated at one point that "the house would [b]e going up 'For Sale.'" (Rec. Doc. 1, at 9). Plaintiff alleges that two individuals from "Code Enforcement" stopped by the Property in August 2014. He further alleges that Eva Sohl, Director of the Freret Neighborhood Center, makes recommendations of which properties are blighted in spite of not having a background as a contractor or other related credentials. Plaintiff argues that "Stacy Head, [o]r Kathy Singleton ([h]er [m]other) is behind [t]he [m]otivation and [h]arassment" [of] "Code Enforcement." *Id.*

Plaintiff also contends that he sent letters to Williams, Assessor of Orleans Parish for the State of Louisiana, requesting a possible property tax extension and an explanation on why taxes on the Property went from "$963 [i]n 2007" to "$2800 . . . [i]n 2008." (Rec. Doc. 1, at 5). He argues that "[t]hese [c]ity [e]mployees (Pura Bascos, Eva Sohl, Erroll Williams)[] [e]xercise a [g]reat [d]eal of '[p]olitical [c]ontrol' over [c]ertain [p]ublic [s]ituations." *Id.* at 10. As alleged evidence of this, Plaintiff claims that Stacy Head used this political control "over the Assessor's Office" to raise the property taxes of a lawyer.[2] *Id.* at 2.

Plaintiff seeks an injunction to stop the sale and demolition of the Property, a "cease and desist order" to stop the Freret Neighborhood Center from making decisions as to which properties are blighted and / or should be demolished, and damages from Stacy Head, Pura Bascos, and Eva Sohl for mental anguish.

Defendant Williams seeks dismissal of all claims against him via F.R.C.P. 12(b)(1) or 12(b)(6), arguing that this Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim. This motion was noticed for submission on December 31, 2014. No trial date is set at this time.

---

[2] There is no apparent or alleged connection between this lawyer and the present case.

## II.  DISCUSSION

Before the Court can entertain Williams' merits challenge under Rule 12(b)(6), the Court must determine whether it has subject matter jurisdiction over this action.[3] It is incumbent upon federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking, and the Court must do so *sua sponte* if the parties have not brought the issue to the attention of the Court. *Marshall v. Gibson's Prods., Inc.*, 584 F.2d 668, 671-72 (5th Cir. 1978) (citing *Mansfield, Coldwater & Lake Mich. R.R. v. Swan*, 111 U.S. 379 (1884)).

Here, Williams argues that Plaintiff cannot meet the antecedent "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing, as required under Article III, Section 2, of the Constitution addresses *who* may bring the suit.15-101 Moore's Federal Practice - Civil § 101.20 (*See Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1469-1470 (3d Cir. 1994)). "The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Id.* (*See Allen v. Wright*, 468 U.S. 737, 752 (1984)). Lastly, "[s]tanding must affirmatively appear in the record, and may not be inferred argumentatively from averments in pleadings." *Id.* (*See* Footnote 39. 28 U.S.C. § 2201(a). *See also* Advisory Committee Note to 1937 Adoption to Fed. R. Civ. P. 57 (see § 57App.01[2])).

As held by the Fifth Circuit in *In Re Mirant Corp.*, 675 F.3d 530 (5th Cir. 2012):

---

[3] A Rule 12(b)(6) dismissal is one on the merits and with prejudice. *See Cox, Cox, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455 (5th Cir. 2013) (unpublished). Therefore, a federal court must have subject matter jurisdiction over an action before it can dispose of any claims under Rule 12(b)(6). *Id.* Further, if the Court lacks jurisdiction over the original complaint, then Plaintiff cannot amend to add new claims in order to create jurisdiction. *See Whitmire v. Victus Ltd*, 212 F.3d 885 (5th Cir. 2000); *In re Katrina Canal Breaches Litig.*, 342 Fed. Appx. 928, 931 (5th Cir. 2009) (unpublished).

> Constitutional standing requires three elements: First, the plaintiff must have suffered an "injury in fact"- an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*In Re Mirant Corp.*, 675 F.3d 530, 33 (5th Cir. 2012) (*citing Lujan*, 504 U.S. at 560–61 (internal citations omitted)).

The Complaint focuses on conduct of the defendants regarding 2336 Robert St. This is not the first time that Plaintiff has attempted to involve this Court in an action concerning the Property. The Court notes that the Plaintiff does not now nor ever has owned the Property. The Court takes judicial notice of the adjudicated findings in its prior proceeding,[4] including the findings that "the City of New Orleans has owned the property since 2009," and that Plaintiff has not otherwise acquired 2336 Robert St. "via acquisitive prescription." *Castello v. Bascos*, no. 12-1854, 2013 WL 393040 (E.D. La. Jan. 30, 2013). Furthermore, Plaintiff claims no other legally cognizable interest in the Property.[5]

Under these facts, for purposes of at least the federal claim, there is no particularized actual or imminent injury to this plaintiff. *See, e.g., Gagliardi v. Kratzenberg*, 404 F. Supp. 2d 858 (W.D. Pa. 2005). Whatever interest Plaintiff might claim in the Property that does not conflict with this Court's prior findings, it will be insufficient to state an injury predicated

---

[4] *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985).

[5] The only example of a claim to the Property that the Court can find in the Complaint, the Opposition, or any of the accompanying exhibits is a letter dated January 14, 2014 sent to Williams in which Plaintiff claims that he "acquired a '[b]lighted [p]roperty,'" presumably referring to 2336 Robert St.. (Rec. Doc. 10, at 16). Based on his statement that he is "going into [his] '[t]hird [y]ear,'" Plaintiff seems to claim he acquired the Property in 2011. *Id.* The Court discounts this assertion as it clearly conflicts with this Court's earlier finding regarding the same property and the same plaintiff.

on an alleged scheme by city officials to deprive homeowners of their property via extortionate elevations of property taxes or self-aggrandizing identifications of blighted property to be sold. Any injury under the alleged facts is incurred only by a third person (*e.g.*, the lawyer whose taxes were allegedly improperly raised) or only as a generalized grievance (*e.g.*, the injustice of the alleged abuse of power by city officials). Both constitutional and jurisprudential considerations demand this Court's conclusion that the present case is not justiciable in this forum.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 8)** filed by defendant Errol G. Williams ("Williams") is **GRANTED** as the plaintiff lacks constitutional standing to bring the action in this Court.

**IT IS FURTHER ORDERED** that, as this finding extends to all defendants, the Complaint is **DISMISSED** in its entirety **WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that for these same reasons the **Motion for a Preliminary Injunction (Rec. Doc. 9)** filed by plaintiff Freddie Castello is **DENIED**.

January 21, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE